IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENE BENFORD, TDCJ-CID NO. 495065, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-0570 |
| DENNIS WALKER, et al., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER FOR SPECIAL REPORT

Gene Benford, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his civil rights complaint under 42 U.S.C. § 1983 alleging that TDCJ-CID personnel were deliberately indifferent to his serious medical needs by denying him insulin while he was assigned to the TDCJ-CID Estelle Unit near Huntsville, Texas.

Benford's allegations are presented in a Complaint (Docket Entry No. 1) and a court-ordered more definite statement (Docket Entry No. 17), which indicate that Benford was diagnosed as a diabetic in 1998 while he was incarcerated in the TDCJ-CID Clements Unit near Amarillo, Texas. Benford claims that he requires insulin twice daily. Benford was transferred to the TDCJ-CID Estelle Unit on May 22, 2009, for medical reasons, and remained there until May 27, 2009, when he was transferred to the TDCJ-CID Hodge Unit.

Benford alleges that he was denied insulin during his stay at Estelle and that his requests for insulin were denied because the medical personnel there did not believe that he had diabetes. Benford further alleges that he experienced hot flashes, sweating palms, and extreme thirst (Docket Entry No. 17, at p. 4) as a result of being denied insulin but that his requests for help were not taken seriously. He claims that he was given insulin on May 27, 2009, after he was transferred out of Estelle.

Benford's initial complaint was cryptic, and the court ordered him to submit written answers to specific questions regarding his allegations. See Cay v. Estelle, 789 F.2d 318, 323 (5th Cir. 1986), citing Watson v. Ault, 525 F.2d 886, 893 (5th Cir. 1976). However, Benford did not file a meaningful response, and the court issued two Orders to Show Cause (Docket Entry Nos. 9 and 15) before Benford complied by submitting answers (Docket Entry No. 17), which were also somewhat cryptic. Benford's answers indicate that the named defendants were not aware that he had diabetes, which would negate his claim of deliberate indifference, which requires that he demonstrate that the defendants had actual knowledge of his medical condition. See Brewer v. Dretke, 587 F.3d 764, 770 (5th Cir. 2009).

Despite the shortcomings in Benford's pleadings, the court is hesitant to dismiss this action before making further inquiries into the nature of his complaint. Propes v. Quarterman, 573 F.3d

225, 228 (5th Cir. 2009) ("Briefs by pro se litigants are afforded liberal construction . . ."), citing Johnson v. Quarterman, 479 F.3d 358, 359 (5th Cir. 2007).

Liberally construed, Benford has presented the following claims in his Complaint and more definite statement (Docket Entry Nos. 1 and 16):

1. Benford suffers from diabetes and has required insulin since 1998.

2. Benford was given insulin twice daily before being transferred to the Estelle Unit on May 22, 2009.

3. While at the Estelle Unit Benford was wrongly denied insulin from May 22, until May 27, 2009, when he was transferred to another unit.

4. When Benford did not get the insulin, he experienced hot flashes, sweaty palms, and a craving for water.

5. Benford was given insulin on May 27, 2009, after he was transferred out of Estelle.

Benford's allegations appear to be inconsistent because he alleges that TDCJ-CID has given him insulin since 1998. However, he was denied it when he was transferred to Estelle, which serves as a prison regional medical facility. See TDCJ-CID Website http://www.tdcj.state.tx.us/stat/unitdirectory/e2.htm. In light of Benford's apparent mental state and his seemingly contradictory allegations, the court finds that it would be prudent to examine Benford's medical records, classification records, and other pertinent records to clarify the allegations.

Therefore, the court **ORDERS** the Attorney General of the State of Texas to submit a special report containing the following information:

1. Benford's classification records and his medical history before and during incarceration in TDCJ-CID, specifically relating to his alleged diabetic condition.

2. Benford's record of medical treatment while incarcerated in TDCJ-CID, including but not limited to the period from May 1, 2009, to May 31, 2009.

3. Any affidavits or narratives that would aid the court in its analysis of the records.

The Attorney General is **ORDERED** to file copies of any policies, procedures, and records pertinent to the issues in this action. See Parker v. Carpenter, 978 F.2d 190, 191-92 n.2 (5th Cir. 1992), citing Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978); Cay, 789 F.2d at 323 n.4 (5th Cir. 1986). If appropriate, the Attorney General's report should also include a sworn statement commenting on whether Benford has exhausted all available remedies with respect to his claims.

The Attorney General is further **ORDERED** to comply with this Memorandum Opinion and Order for Special Report ("Memorandum Opinion and Order") no later than December 12, 2010.

Benford is **ORDERED** not to submit any more pleadings or correspondence to the court until after the court has had an opportunity to review the records submitted by the Attorney General.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk shall also send a copy of this Memorandum Opinion and Order, along with copies of the Complaint (Docket Entry No. 1), the Order for More Definite Statement (Docket Entry No. 6), and the more definite statement (Docket Entry No. 17) to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, P.O. Box 12548, Austin, Texas 78711-2548, <u>by certified mail, return receipt requested</u>.

**SIGNED** at Houston, Texas, on this 18th day of October, 2010.

                                                                SIM LAKE
                                                                UNITED STATES DISTRICT JUDGE